

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2006

# Tauro v. PA Dept Pub Welfare

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5482

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tauro v. PA Dept Pub Welfare" (2006). *2006 Decisions*. Paper 170.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/170

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-36**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5482
_____

JOHN J. TAURO,

v.

PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE,
ITS EMPLOYEES AND AGENTS (D.P.W.);
DOMESTIC RELATIONS SECTION, ALLEGHENY COUNTY
FAMILY DIVISION, ACTING IN ITS CAPACITY AS
CONTRACTED AGENTS FOR THE D.P.W. (D.R.S.);
ALLEGHENY SOLICITOR, ACTING IN ITS
CAPACITY AS APPOINTED AGENTS FOR THE D.P.W.

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-0480)
District Judge: Honorable Joy Flowers Conti
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 2, 2006

Before: SLOVITER, CHAGARES AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: November 20, 2006)

_____

OPINION
_____

PER CURIAM

John Tauro appeals from the District Court's order dismissing his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). Because we determine that the appeal is lacking in arguable legal merit, we will dismiss it under § 1915(e)(2)(B).

In 2002, a Pennsylvania Family Court ordered Tauro to pay $14,162.75 in child support arrears. The mother of Tauro's child received public assistance during the time that he was delinquent with his child support. Under Pennsylvania law, acceptance of public assistance operates as an assignment of the recipient's right to child support to the Department of Public Welfare ("DPW"). See 23 PA. CONS. STAT. ANN. § 4378(b). Accordingly, the $14,162.75 in child support arrears is owed to DPW.

DPW has pursued a variety of methods to collect Tauro's child support arrears, including garnishing his wages and tax refunds. Tauro unsuccessfully attempted to challenge in federal court the validity of the support order as well as the constitutionality of DPW's attempts to collect his child support arrears. See Tauro v. Mulligan, No. 02-0495 (W.D. Pa. April 4, 2003) (adopting and affirming Magistrate Judge's Report and Recommendation), aff'd, No 03-2638 (3d Cir. Feb 27, 2004).

In 2005, Tauro filed this civil rights suit under 42 U.S.C. § 1983 against the Pennsylvania Department of Public Welfare, the Allegheny County Solicitor, and the Domestic Relations Section, Allegheny County Family Division. The complaint is mostly a repetition of claims that were previously denied in Tauro v. Mulligan; namely, that the Family Court order assessing his arrears was invalid, that DPW is not entitled to collect child support arrears that were owed to the mother, that his child support

2

obligations had ended pursuant to an agreement that he had entered into with the mother, and that DPW's garnishments constitute a deprivation of property without due process of law. Tauro also claims that the appearance by the County Solicitor in proceedings to collect the arrears violated Pennsylvania law and that DPW has refused to participate in his pending action in the Commonwealth Court challenging the collection of his child support arrears.

The District Court dismissed the complaint as frivolous, finding that Tauro's claims were barred by collateral estoppel. After filing two motions for reconsideration, which were denied, Tauro appealed. Because we find that Tauro's appeal has no arguable basis in law, we will affirm.[1]

We have jurisdiction to consider this appeal pursuant to 28 U.S.C. § 1291. Our review of a District Court's dismissal under § 1915(e)(2)(B) is plenary. Allah v. Severling, 229 F.3d 220, 223 (3d Cir. 2000). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 239 (3d Cir. 1999).

The doctrine of issue preclusion, or collateral estoppel, ensures that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that

---

[1]Although the District Court dismissed the complaint without giving Tauro an opportunity to amend as required by Grayson v. Mayhew State Hosp., 293 F.3d 103 (3d Cir. 2003), Tauro's two motions for reconsideration amply demonstrate that any amendment would have been futile. See id. at 108.

3

determination is conclusive in subsequent suits based on a different cause of action involving a party to a prior action." Burlington Northern R. Co. v. Hyundai Merchant Marine Co., Ltd., 63 F.3d 1227, 1231 (3d Cir. 1995) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). To the extent that Tauro is attempting to challenge the validity of the Family Court's assessment of his arrears or challenge DPW's authority to collect the arrears, his suit is barred by collateral estoppel. Tauro has already unsuccessfully litigated these issues. Thus, we must accept that he owes $14,162.75 in child support arrears and that DPW is entitled to collect that debt.

Tauro's remaining claims, that state law precludes the County Solicitor from representing the Domestic Relations Section in its collection proceedings and that DPW has not appeared in his pending Commonwealth Court action, are similarly without merit. The mere violation of a state law does not result in a due process violation. Snowden v. Hughes, 321 U.S. 1, 11 (1944). Even if the county solicitor was acting contrary to Pennsylvania law when collecting the child support arrears owed to DPW, that action alone would not violate the Due Process Clause. Further, the proper remedy for a party's failure to respond to civil complaint is to file for a default judgment, see Pa.R.C.P. No. 1037(b), not a federal lawsuit.

In sum, we readily conclude that the District Court correctly dismissed Tauro's complaint. Because his appeal also lacks arguable merit, we will dismiss it under § 1915(e)(2)(B). In light of the disposition of his appeal, Tauro's motion for appointment of counsel is denied.

4