**John J. TAURO, Appellant**

v.

**ALLEGHENY COUNTY; Michael H. Wojcik, in his official capacity as County Solicitor and individually; Chief Deputy Sheriff William P. Mullen; Raymond L. Billotte, in his official capacity as Court Administrator and individually.**

No. 09–4746.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 11, 2010.

Filed March 22, 2010.

John J. Tauro, Pittsburgh, PA, pro se.

Caroline P. Liebenguth, Esq., Law Department, Office of Allegheny County, Pittsburgh, PA, for Allegheny County, Michael H. Wojcik, William P. Mullen.

John A. Bacharach, Esq., Bacharach & Klein, Pittsburgh, PA, for William P. Mullen.

Mary E. Butler, Esq., Supreme Court of Pennsylvania, Administrative Office of PA Courts, Philadelphia, PA, for Raymond L. Billotte.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

John J. Tauro appeals pro se from the District Court's order granting defendants' motions to dismiss. For the reasons discussed below, we agree with the District Court's disposition of the motions and will dismiss the appeal.

### I.

Tauro filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the District Court against Allegheny County (the "County") and certain officials, claiming that they violated his Fourteenth Amendment rights to procedural and substantive due process. It appears that Tauro believes there was a procedural defect in the collection activities taken against him for unpaid child support. He claims that he has been "subjected to an outlawed 'debtor's prison,'" and that defendants have "used arrest and incarceration to collect judgments." He further claims that the County's policies are unconstitutional "as applied" and "on their face," and that the solicitor has "engaged in representation" that is prohibited by law.

Tauro has filed three prior lawsuits against a variety of County defendants on the same set of facts. He alleges generally that he and his child's mother entered into an agreement that suspended his child support obligations. However, as the District Court explained in his first suit, the mother was on welfare assistance, and, in order to receive it, had assigned her child support rights to the Pennsylvania Department of Public Welfare ("DPW"). When Tauro and the mother signed the suspension agreement, the state court entered an order confirming that the $14,162.75 Tauro owed in child support arrears were assigned due to the DPW. Tauro failed to comply with the order and his lawsuit was dismissed as frivolous. *See generally, Tauro v. Mulligan*, Civil Action No. 02–495 (W.D.Pa.2002).

Tauro's second lawsuit challenged the collection activities taken against him for the arrears owed to the DPW. The District Court concluded that Tauro was collaterally estopped from raising his claims and his complaint was dismissed as frivolous. *See generally, Tauro v. Pa. Dep't Pub. Welfare*, Civil Action No. 05–480, 2005 WL 3003081 (W.D.Pa.2005). We affirmed. *Tauro v. Pa. Dep't Pub. Welfare*, 206 Fed. Appx. 152 (3d Cir.2006).

In 2008, Tauro filed a third lawsuit claiming that Justice Max Baer had issued criminal warrants and had held criminal trials in family court without the authority to do so. *See generally, Tauro v. Baer*, Civil Action No. 08–1545 (W.D.Pa.2008). He claimed that the Commonwealth's attempt to collect the judgment against him resulted in his arrest and incarceration in "debtor's prison." The District Court determined that his claims were barred by the *Rooker–Feldman* doctrine, which precludes lower federal courts from exercising appellate jurisdiction over final state court judgments. *See FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir.1996).

Tauro filed this fourth complaint in 2009. The District Court granted defendants' motions to dismiss with prejudice, and denied as moot Tauro's motion to remove his attorney. Tauro filed a timely notice of appeal.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of an order granting a motion to dismiss is plenary. *See Santiago v. GMAC Mortgage Group, Inc.*, 417 F.3d 384, 386 (3d Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

## III.

The District Court concluded that Tauro's claims regarding the agreements and actions of the solicitor are precluded by the doctrine of collateral estoppel. *See generally, Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 209 (3d Cir.2001). In the Memorandum Opinion, the District Court found that the solicitor's immunity for his role in "civil contempt" proceedings against Tauro was "'actually litigated' and 'essential' to a 'a final and valid judgment'" in Tauro's first lawsuit in 2003. Likewise, in 2006, we affirmed that his claims alleging that Pennsylvania law pro-

hibited the agreements the solicitor entered into to "engage[ ] in representation" were without merit. *See Tauro*, 206 Fed. Appx. at 154. Accordingly, we agree with the District Court that these claims are barred by the doctrine of collateral estoppel.

■ We also agree with the District Court's conclusion that Tauro's remaining claims against the County and the sheriff have no basis in fact or law. Tauro's attempts to equate civil contempt and resulting arrest and incarceration with being charged with a "civil crime" and being subjected to "debtor's prison" have no basis in any relevant law. Additionally, his claims that the County's policies permitting civil contempt pending payment of child support are unconstitutional "as applied" and "on their face," have no basis in fact or law. As the District Court found, civil confinement pursuant to a civil contempt order is a valid method of assuring compliance with judgments. *See Chadwick v. Janecka*, 312 F.3d 597, 613 (3d Cir.2002) (citations omitted).[1]

■ Finally, the District Court correctly concluded that civil contempt in Tauro's circumstances would not violate the provisions or "due process requirements" of "45 C.F.R." or "23 Pa.C.S.A." Civil contempt is a valid method of enforcing child support judgments. Neither regulation protects Tauro from the consequences of failing to comply with a judgment.

## IV.

After careful consideration, we have concluded that there is no arguable merit to this appeal. Accordingly, we will dismiss

the appeal pursuant to 28 U.S.C. § 1915(e).

---

1. Tauro does not challenge the judgment order against him for nonpayment of child support due to DPW, nor does he argue an inability to pay the child support. He acknowledges that the County's policy is to release an individual once the judgment has been satisfied.